ALADAR O. KOVACS
36 WHITNEY COURT
EAST BRUNSWICK, NJ 08816
(732) 238-0699
PRO SE

DISTRICT COURT
2012 APR -5  A 9:06

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ALADAR O. KOVACS,            :
                             :
   Plaintiff,                :
                             :
v.                           :   CIVIL ACTION NO.
                             :
UNITED STATES OF AMERICA,    :
                             :
   Defendant.                :

COMPLAINT IN NEGLIGENCE

1. Plaintiff, Aladar O. Kovacs, is an individual, who resides at 38 Whitney Court, East Brunwick, New Jersey 08816.

2. Defendant, United States of America, and the Department of Veterans Affairs (VA), a Federal Agency of the United States of America, through the Commissioner, Eric K. Shinseki.

3. During the course of serving active duty for the United States Army in the year of 1977, Plaintiff injured his left knee and his right knee.

4. Surgery was performed to the Plaintiff's left knee in the year of 1978.

5. Due to these injuries, the Plaintiff was placed on physical profile by the United States Army on July 18, 1978 for a period of ninety (90) days until October 17, 1978.

6. Plaintiff was discharged from active duty in September 1978 while on physical profile.

7. After his separation from active duty, Plaintiff sought treatment from the VA Medical Center for his injuries to the left and right knees, for urological issues, and dermatological issues.

8. Because of his service-connected injuries, Plaintiff was considered a liability to each employed for which he applied, was unable to find work, and filed for bankrupcy in the State of New Jersey in October 1991.

9. Plaintiff received treatment from the VA Medical Centers in New York VA Medical Center in 1979-1987 and in Atlanta, Georgia from 1993-1998.

10. Records of Plaintiff's treatment at the Atlanta, Georgia VA Medical Center have been destroyed.

11. Plaintiff also received treatement from the VA Medical Center, East Orange, New Jersey from 1987 to 1993.

12. Plaintiff's injuries to his right and left knees have been found to be service-related for which he has received disability compensation.

13. Plaintiff has not received ongoing care from the VA since the year of 2004.

14. Due to Plaintiff's inability to work and earn a living, he filed for bankruptcy for the second time in the State of New Jersey in April 2009.

15. Due to increasing impairment from Plaintiff's knees, out of necessity, Plaintiff contacted a private physician for treatment to his left knee in the year of 2011.

16. Plaintiff required and has had left knee total replacement surgery performed in the year of 2011.

17. Plaintiff developed prostrate cancer for which he has required ongoing treatment.

18. Plaintiff has developed urological issues for which the VA no longer provides medical treatment.

19. While employed as a carpenter in the year of 2004, Plaintiff was hired to erect an exhibit booth for a Show. By reason of reduced mobility from his service-connected knees, Plaintiff was further injured when he could not escape falling beam from the Exhibit due to his inability to move, suffering injury to his shoulder, arm and ankles.

20. By reason of Plaintiff's injuries in-service, and those further injuries caused by his service-connected injuries, he has been unable to maintain employment since the year of 2004.

21. Plaintiff brings this action in accordance with the Federal Tort Claims Act, 28 U.S.C. § 1346 (b).

22. Plaintiff claims as damages, pain and suffering he has had to endure since leaving active duty service.

23. Plaintiff also claims the value of the loss of enjoyment of life, and the loss of employment that have been reduced and lost by reason of the aforesaid facts.

24. Plaintiff claims as damages, the loss of earnings and the loss of his earning capacity that have resulted from the lack of care provided by the VA.

25. The aforesaid injuries and those more particularly set forth hereafter may be the result of an aggravation of a pre-existing condition.

26. Due to the lack of care from the VA for his service-connected disabilities, the Plaintiff has suffered additional disability to his left knee and to his right knee.

27. As a direct and proximate result of the lack of necessary treatment from the VA, Plaintiff has suffered additional disability to his left knee and to his right knee.

WHEREFORE, Aladar O. Kovacs, Plaintiff, demands judgment against the Defendant in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus punitive damages and costs.

## COUNT I
### (Lack of due care)

Plaintiff incorporates by reference herein, paragraphs 1 through 27 as if set forth fully at length.

28. At all time relevant to this lawsuit, Defendant owed a duty to possess and exercise the requisite degree of care, skill, and knowledge exercised and possessed by similar physicians in and about the area of the Medical Centers, including New Jersey area, and at all times to behave as an ordinary, reasonable, prudent man under the circumstances.

29. At the times and places aforesaid, the Defendant, individually and/or through his agents, servants and/or employees, acting within the course and scope of their employment breached and violated his aforesaid duties in some or all of the following particulars:

   A. failing to diagnose the plaintiff's need for surgery to the left knee,

   B. failing to providing ongoing treatment for urological and dermatological issues once treated,

   C. failing to treat the plaintiff for all injuries, direct and secondary, from which resulted from his service-connected disabilities,

   D. being otherwise negligent and committing malpractice upon the plaintiff,

   E. failing to procure a consulting opinion about the plaintiff's conditions, injuries, diagnosis, and treatment,

F. negligently controlling and regulating his employees,

G. failing to perform the requisite tests and examinations on the plaintiff,

H. failing to treat the plaintiff for the condition and disease from which he is suffering,

I. failing to provide medical treatment due to an individual who has served on active duty for the United States of America, and

J. violating statute of the United States of America at 5 U.S.C. § Part 1, Chap. 5, subchapter 11, § 552a.

WHEREFORE, Aladar O. Kovacs, Plaintiff, demands judgment against the Defendant in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus punitive damages and costs.

## COUNT II

Plaintiff incorporates by reference herein, paragraphs 1 through 29 as if set forth fully at length.

30. The conduct of the defendant, acting individually and/or by and through his agents as aforesaid constitutes gross negligence, recklessness, wilfull and/or wanton misconduct amounting to a reckless disregard for the health, safety and welfare of the Plaintiff.

31. As a direct and proximate result of the conduct of the Defendant as aforesaid, Plaintiff suffered the injuries and damages as aforesaid.

WHEREFORE, Aladar O. Kovacs, Plaintiff, demands judgment against the Defendant in a sum in excess of Fifty Thousand ($50,000.00) Dollars, plus punitive damages and costs.

## COUNT III

Plaintiff incorporates by reference herein, paragraphs 1 through 31 as if set forth fully at length.

32. The Defendant, acting individually and/or by and through his agents as aforesaid, intentionally, negligently, knowingly and/or recklessly has refused to treat the Plaintiff.

33. As a direct and proximate result of the aforesaid, the Plaintiff has suffered additional injuries, disabilities and damages as aforesaid.

WHEREFORE, Aladar O. Kovacs, Plaintiff, demands judgment against the Defendant in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus punitive damages and costs.

## COUNT IV

Plaintiff incorporates by reference herein, paragraphs 1 through 33 as if set forth fully at length.

34. As a direct and proximate result of the aforesaid, Plaintiff has had and will continue in the future to be unable to engage in employment, thereby suffering a loss of his earnings and earning capacity, all to his great detriment and loss.

35. As a further direct and proximate result of the aforesaid, Plaintiff has endured great mental stress, depression, and anguish as a result of his injuries and disabilities which will require the financial burden of further treatment.

36. As a further direct and proximate result of the aforesaid, Plaintiff has expended and will continue to expend sums of money for the necessary care and treatment of his injuries and disabilities.

WHEREFORE, Aladar O. Kovacs, Plaintiff, demands judgment against the Defendant in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus punitive damages and costs.

## COUNT V

Plaintiff incorporates by reference herein, paragraphs 1 through 36 as if set forth fully at length.

37. In violation of 5 U.S.C. § Part 1, Chap. 5, subchapter 11, § 552a, the Defendant has wrongfully destroyed treating records of the Plaintiff.

38. As a direct and proximate result of the aforesaid, Plaintiff has been denied access to his records, the further loss of which affects the treatment of all of his injuries and disabilities.

WHEREFORE, Aladar O. Kovacs, Plaintiff, demands judgment against the Defendant in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus punitive damages and costs.

_____
ALADAR O. KOVACS
Plaintiff